IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS P. SWEENEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 02-CV-4043 |
| | : | |
| THE STANDARD INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

---

### DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Standard Insurance Company ("Standard"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, hereby submits this answer to Plaintiff's Amended Complaint.

Each paragraph below is a response to the allegations in each of the paragraphs of Plaintiff's Amended Complaint.

1. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

2. Defendant admits the allegations in this paragraph.

3. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

4. Defendant admits that Plaintiff was employed by Microsemi Corporation as Vice President and General Manager of its RF Division. Defendant denies the remaining allegations in this paragraph.

5. Defendant admits that it issued a Group Long Term Disability Insurance Policy, Policy No. 636480-B to Microsemi Corporation. Defendant denies the remaining allegations in this paragraph.

6. Defendant admits that Plaintiff was a participant covered by Long Term Disability Insurance Policy, Policy No. 636480-B. Defendant denies the remaining allegations in this paragraph.

7. Defendant admits that there is documentation in the file indicating that the Plaintiff has experienced symptoms of one or more of the conditions listed in paragraph 7 of the Complaint. Defendant denies that Plaintiff is disabled, as defined by the terms of the Group Long Term Disability Insurance Policy, as a result of these conditions.

8. Defendant denies the allegations in this paragraph.

9. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

10. Defendant denies the allegations in this paragraph.

11. Defendant admits that Plaintiff filed a claim for disability benefits under the Group Long Term Disability Policy. Defendant denies the remaining allegations in this paragraph.

12. Defendant denies the allegations in this paragraph.

13. Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations in this paragraph.

15. Defendant admits that on or about October 31, 2001, Plaintiff requested a review of Defendant's decision to deny his disability claim. Defendant denies the remaining

allegations in this paragraph.

16. Defendant admits that, following his October 31, 2001 request for review, Plaintiff submitted additional information to Defendant. Defendant denies the remaining allegations in this paragraph.

17. Defendant admits that, on or after June 14, 2002, Defendant's Quality Assurance Unit sent Plaintiff's counsel a letter advising him that it had affirmed the decision to deny Plaintiff's claim for disability benefits. Defendant denies the remaining allegations in this paragraph.

18. This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

19. Defendant denies the allegations in this paragraph.

20. Defendant denies that Plaintiff is entitled to any of the damages prayed for in paragraph 20 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state a cause of action upon which relief can be granted.

2. To the extent Plaintiff's Amended Complaint raises allegations arising under state law, such claims are preempted by ERISA.

3. Some or all of Plaintiff's claims are barred by the applicable statute or statutes of limitations.

4. Plaintiff is not entitled, on the law or the facts, to the damages claimed.

5.  Some or all of Plaintiff's claims are barred by the doctrine(s) of release, estoppel, waiver and/or laches.

6.  Defendant's decision to deny Plaintiff's claim for disability benefits was not arbitrary and capricious nor an abuse of discretion.

7.  Plaintiff has failed to mitigate his damages.

8.  Plaintiff's claims are barred by the express terms of the Group Long Term Disability Policy.

9.  Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the Group Long Term Disability Policy.

10. Plaintiff's claims are barred due to Plaintiff's failure to satisfy the conditions precedent of the Group Long Term Disability Policy.

11. Plaintiff's demand for attorney's fees should not be granted because Defendant's handling of Plaintiff's claim was reasonable and all actions in the handling of said claims were taken in good faith.

12. Some or all of Plaintiff's claims are barred because he has failed to exhaust his administrative remedies, as required by ERISA.

13. Defendant has not been properly served with the Summons and Complaint in this lawsuit.

Defendant reserves the right to add additional defenses as they may become apparent during the course of this action.

**WHEREFORE**, having fully responded to the Amended Complaint, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award Defendant

its costs and reasonable attorneys fees incurred in this lawsuit, and allow Defendant such other and further relief as this Court deems just and proper.

    Respectfully submitted,

_____
Jennifer E. Clark
Attorney for Defendant
Standard Insurance Company

Piper Rudnick LLP
3400 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 656-3300

Of counsel:
Eric Paltell
Jonathan S. Nash
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000